IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAVID VREEKEN, )
)
    Plaintiff, )
)
v. ) Civil Action No.: 5:20-cv-426-OC-30 PRL
)
FLORIDA BELLS, LLC, )
)
    Defendant. )
_____ )

## COMPLAINT

COMES NOW the Plaintiff, DAVID VREEKEN, ("PLAINTIFF"), and files this Complaint against Defendant, FLORIDA BELLS, LLC. ("DEFENDANT") respectfully stating unto the Court the following:

### GENERAL ALLEGATIONS

1. This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for breach of contract and violations of 42 U.S.C. §§ 12101, *et seq.* and the Florida Civil Rights Act ("FCRA").

2. At all material times, PLAINTIFF was a citizen and resident of Bradford County, Florida.

3. At all material times, DEFENDANT was a Delaware corporation that operated fast food stores in Marion County, Florida, which is where PLAINTIFF worked at all material times.

## BACKGROUND

4. In or around August 2018, DEFENDANT hired PLAINTIFF to work as a general manager at its store in Ocala, Florida.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331.

7. At all relevant times, PLAINTIFF was qualified for every position he held with DEFENDANT.

8. In 2019, PLAINTIFF injured his back while trying to move a truck that was stuck in mud.

9. As a result of the injury, PLAINTIFF suffered severe back pain which he tried to manage through medication. In March 2019, PLAINTIFF met with a surgeon who told PLAINTIFF he needed immediate surgery to fix three herniated discs and PLAINTIFF informed DEFENDANT by telling his Area Coach, Thomas Davis, on March 31, 2019.

10. PLAINTIFF requested and was provided with time off to have the surgery and a week to recover from the surgery.

11. When PLAINTIFF attempted to return to work, his Area Coach gave him conflicting information about how to accomplish that including telling him that he did and did not need a doctor's note to return and that DEFENDANT'S Human Resources Department would and would not need to be involved in his return to work.

12. PLAINTIFF'S physician's office e-mailed a notice to DEFENDANT that PLAINTIFF was able to return to work with restrictions that included a five-pound lifting restriction and no bending or stooping.

13. Three days after PLAINTIFF provided the doctor's note allowing him to return to work, DEFENDANT terminated PLAINTIFF.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

14. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

15. PLAINTIFF had a disability and/or DEFENDANT regarded PLAINTIFF as disabled.

16. PLAINTIFF was qualified to work as a general manager and could have performed his job with reasonable accommodations, namely being assisted with lifting items that weighed over five pounds and being provided help if stooping or bending was required.

17. Rather than accommodate him, DEFENDANT terminated PLAINTIFF and this decision was motivated at least in part by PLAINTIFF'S disability and/or perceived disability and DEFENDANT'S intent to not accommodate PLAINTIFF.

18. As a result, PLAINTIFF has suffered embarrassment and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, backpay, front pay, benefits and other economic relief, pre- and post-judgment interest, damages for emotional pain and suffering, attorney fees and costs of litigation, reinstatement to his former position, punitive damages, and other relief by reason of DEFENDANT'S violations of the ADA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

19. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

20. At all relevant times, PLAINTIFF was a qualified worker with a disability.

21. Upon information and belief, DEFENDANT terminated PLAINTIFF because of PLAINTIFF'S disability and/or perceived disability, or to prevent having to provide PLAINTIFF with a reasonable accommodation.

22. Upon information and belief, the reason for PLAINTIFF'S termination was his disability and/or perceived disability, or at the very least, these were a motivating factor in the decision to terminate PLAINTIFF.

23. As a result, PLAINTIFF has suffered embarrassment and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, backpay, front pay, benefits and other economic relief, punitive damages, pre- and post-judgment interest, damages for his emotional pain and suffering, attorney fees and costs of litigation, reinstatement to his former position, punitive damages, and other relief by reason of DEFENDANT'S violations of the FCRA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## BREACH OF CONTRACT

24. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

25. PLAINTIFF and DEFENDANT entered into an agreement pursuant to which, PLAINTIFF was to earn a salary and receive monthly performance-based bonuses in exchange for working for DEFENDANT as a general manager.

26. PLAINTIFF performed as required by his agreement with DEFENDANT, but DEFENDANT breached its agreement with PLAINTIFF by failing to pay him his last

bonus that he earned before he was terminated.

27. PLAINTIFF has repeatedly requested DEFENDANT to pay him his monthly bonus, but DEFENDANT has refused to do so and as a result, PLAINTIFF has been required to obtain counsel to help him get his compensation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, backpay, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated: September 3, 2020

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.: 92265
309 NE 1st Street
Gainesville, FL 32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF

Tedrick
3 on NCW St.
G'ville, 32608

SCREENED
BY USMS

U.S. Courthouse
207 NW 2nd St.
Ocala, FL 34475

JACKSONVILLE FL
FRI 04 SEP 2020 PM

FOREVER / USA